ORRACA HERMANOS, Appellant, *v.* COURT OF TAX APPEALS, Respondent.

No. 1355. Argued July 15, 1942.—Decided July 29, 1942.

774

M. Guzmán Texidor for petitioner. George A. Malcolm, Attorney General, M. Rodríguez Ramos, Assistant Attorney General, and Eulogio Rivera, Deputy Attorney General, for respondent:

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In the petition for certiorari filed in this court by Orraca Hermanos, a civil partnership, it is alleged that said partnership appealed to the Board of Review and Equalization from the assessment of petitioner's income taxes for the years 1932 to 1936 by the Treasurer of Puerto Rico; that after said board was abolished, the case, pursuant to the statute, was transferred to the Court of Tax Appeals, where it was filed under the title of "José Orraca, Petitioner, v. Treasurer of Puerto Rico, Respondent, No. J. R. I. 7558–7562"; that said Court of Tax Appeals, on February 17, 1942, decided the case without summoning or hearing petitioner, without giving it an opportunity to defend itself, or have its day in court; that on June 8, 1942, said court issued an order wherein it was stated that the decision rendered against José Orraca, affirming the assessment made by the Treasurer, referred to the partnership Orraca Hermanos; that in deciding the case against the petitioner, the Court of Tax Appeals did not base its decision on the facts of the case, but on the alleged good financial position of the petitioner and on information received from other persons which the petitioner did not have an opportunity to rebut.

The petitioner alleges that the proceeding followed by the Court of Tax Appeals is contrary to law and violates

its constitutional rights, depriving it of its property without due process of law.

The writ having been issued, the Treasurer appeared and alleged, in brief, as follows:

1. That this Supreme Court lacks jurisdiction to take cognizance of this case:

(*a*) Because the petition for certiorari has been filed under Act No. 172 of 1941, and that act does not authorize said proceeding.

(*b*) Because the payment under protest made on June 29, 1942, was effected after the expiration of the statutory period of 30 days for taking an appeal to the Supreme Court from the decisions of the Court of Tax Appeals.

(*c*) Because, as the judgment was rendered on February 17, 1942, and the petition for certiorari was filed on July 8, 1942, it appears that the appeal was brought after the expiration of the 30-day period, counted from February 17.

2. He denied that the case had been decided without hearing the parties and on the contrary alleged that the petitioner had its day in court before the Board of Review and Equalization.

3. That the order of June 8, 1942, was issued for the sole purpose of correcting the name of the petitioner which, due to a mechanical error committed by the employees of the court, was given as "José Orraca" instead of "Orraca Hermanos."

The Treasurer set up other denials and allegations which we shall not mention as we do not deem it necessary for the decision of this appeal.

The only question to be decided herein is whether the payment made under protest was effected and the appeal taken within the statutory term. The Treasurer insists that the period of 30 days should be counted from February 17, 1942, on which date the first decision against José Orraca was rendered. The petitioner maintains, on the contrary,

776

that said period began to run on June 8, 1942, on which date the decision was rendered against Orraca Hermanos who is the real party in interest, it being the taxpayer and appellant who resorted to the Court of Tax Appeals.

The petitioner is right. The error committed by an employee of the Court of Tax Appeals in filing the case under the name of José Orraca and the error committed by the court itself in rendering its decision against José Orraca instead of Orraca Hermanos, are substantial errors of which Orraca Hermanos, who is the interested party, is not responsible. To deprive it of its right to appeal to this Supreme Court, because of errors which it did not commit, would be tantamount to punish a person for the fault of another. We hold that the payment under protest was made and petition for certiorari was filed within the statutory term, and that this court has jurisdiction to take cognizance of the case and to render therein the proper judgment.

■ The question raised by the Treasurer intervener that Act No. 172 of 1941 does not authorize the writ of certiorari for the revision of the decisions of the Court of Tax Appeals in matters of income taxes, and that the only remedy available to the taxpayer is the ordinary appeal, was also raised and decided against the Treasurer in Case No. 1286, *Mayagüez Sugar Co., Inc.* v. *Court of Tax Appeals et al.,* and Case No. 1300, *Francisco Ballester* v. *Court of Tax Appeals et al.,* both decided on July 23, 1942 (*ante,* pp. 737, 749).

■ The petitioning partnership was entitled to be heard by the Court of Tax Appeals. The latter is not authorized by the statute to decide cases pending decision of the Board of Review and Equalization without hearing the appellant. The decision rendered by said court without granting the petitioner its day in court can have no legal effect whatsoever. It was so held by us in the case of *Mayagüez Sugar Co., Inc., supra.*

The orders appealed from must be annulled and the case remanded to the Court of Tax Appeals for further proceedings not inconsistent with this opinion.